■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL MINUTOLE, Appellant.— In two *coram nobis* proceedings, defendant appeals from two purported orders of the County Court, Nassau County, one in each proceeding, denying the applications. Appeals dismissed. It appears that no orders were made. One proceeding terminated in an oral decision, made May 27, 1971, which denied the pertinent application after a hearing. The other proceeding terminated in a decision dated February 18, 1971, which denied the application therein. No appeal lies from a decision. However, we have considered appellant's contentions and, if the appeals were properly before us, we would affirm the determinations. Rabin, P. J., Hopkins, Munder, Martuscello and Christ, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT PHILLIP OLIVER, Appellant.— Appeal by the defendant, as limited by his brief, from a sentence of the Supreme Court, Queens County, rendered April 7, 1972, upon a conviction of attempted burglary in the third degree, upon a guilty plea. Defendant was sentenced to an indeterminate prison term of not more than three years, with a recommendation that he receive medical treatment. Sentence reversed, on the law, and case remanded to the Criminal Term for further proceedings not inconsistent with the views herein set forth. At the time of the guilty pleading, the court had information before it which indicated that defendant might be a drug addict and the court said that, if defendant were an addict, it could, on sentencing, consider the question whether defendant was entitled to rehabilitation for his addiction. Accordingly, defendant could not be sentenced until there was compliance with sections 207 and 208 of the Mental Hygiene Law (*People* v. *Maranez*, 39 A D 2d 589, affd. 31 N Y 2d 828). It appears from the record that the sentencing court may have been influenced by misinformation with respect to whether defendant had applied to Project R. E. T. U. R. N. for rehabilitation. Rabin, P. J., Hopkins, Munder, Martuscello and Christ, JJ., concur.

■ YVAN SAUVE et al., Appellants, v. L & T CONTRACTING COMPANY et al., Respondents. (And a Third-Party Action.)— In a negligence action to recover damages for personal injuries, medical expenses and loss of services, plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County, dated November 1, 1972, as, upon reargument, adhered to the original decision denying a general preference. Order reversed insofar as appealed from, without costs, and general preference granted. In our opinion, the denial of plaintiffs' application for a general preference was an improvident exercise of discretion. Hopkins, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.